```
               IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
```

**GORDON E. STROPE aka**
**MICHAEL LEE STROPE,**

                    **Plaintiff,**

          v.                            CASE NO. 11-3196-SAC

**UNITED STATES ATTORNEY GENERAL,**
**et al.,**

                    **Defendants.**

### MEMORANDUM AND ORDER

This matter comes before the court on a pleading captioned as an emergency petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Plaintiff, a prisoner in state custody, names the U.S. Attorney General, the U.S. Congress, President Obama, and the Kansas Attorney General as respondents. He claims he is being unlawfully held in segregation and subjected to torture and abuse.

The court has given this pro se pleading a liberal construction, *see Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003), and concludes this matter is properly characterized as a civil rights complaint rather than a petition for habeas corpus.

"A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement." *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir.1997) (internal quotation

omitted). Where, as here, an action challenges the prisoner's conditions of confinement, it must be brought as a civil rights complaint rather than a habeas corpus action. *Jackson v. Friel*, 285 Fed. Appx. 537 (10th Cir. 2008). The court therefore liberally construes plaintiff's challenge to the conditions of his confinement a civil rights action under 42 U.S.C. § 1983.

Next, plaintiff is subject to 28 U.S.C. § 1915(g). *Strope v. Cummings*, 653 F.3d 1271 (10th Cir. 2011). This so-called "three strikes" provision states:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, plaintiff may proceed in forma pauperis in this matter only if he establishes that he is in imminent physical danger by making "specific, credible allegations of imminent danger[.]" *Hafed v. Fed. Bur. Of Prisons*, 635 F.3d 1172, 1176 (10th Cir. 2011).

Plaintiff claims he has been subjected to abuse, citing the confiscation of his property, sexual harassment, denial of access to an abuse hotline, denial of an emergency call to the Governor, threats of abuse, excessive force, and the denial of adequate heat. Doc. 1, pp. 3-4. The court has carefully reviewed the complaint and attachments and concludes plaintiff has not demonstrated that he is in imminent danger of serious physical injury. Rather, the pleadings show plaintiff was briefly placed in handcuffs he believed

were too tight, and he was verbally taunted by an officer. These allegations fall far short of plaintiff's allegations of excessive force and sexual abuse, and plaintiff's remaining allegations are insufficient to reasonably suggest an imminent danger of serious physical harm. The court concludes plaintiff is not entitled to a waiver of the filing fee obligation.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including February 17, 2012, to submit the $350.00 filing fee in this matter. The failure to submit the fee within that time may result in the dismissal of this matter without prejudice and without additional prior notice to the plaintiff.

A copy of this order shall be submitted to the plaintiff.

**IT IS SO ORDERED**.

DATED:  This 17th day of January, 2012, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge